We will move to the second case on the argument calendar, Walker v. Arizona. Whenever you are ready, Counselor. Thank you, Your Honor. I would please the court, Matt McCloud, on behalf of Appellant Isaac Contreras. I'd like to reserve two minutes for rebuttal. This court asked the parties to opine as to jurisdiction on this matter after the Royal Canin case came down the pipe from the Supreme Court several months ago. We briefed the issue, and it's Appellant's position that Royal Canin does not apply to our factual predicate because our case does not involve a situation before final judgment. That's why, I'm sorry? Does not involve an issue before final judgment. What do you mean it doesn't involve an issue before final judgment? Well, Royal Canin says at any time before final judgment. But it was before final judgment. Well, Your Honor, I think it was concomitantly with our stip to dismiss. Our stip to dismiss had no teeth until the court ruled upon it. So I think our stip to dismiss and the court ruling on it is and should be viewed as one. So that should be considered. Were they in the same document? They were not the same document. And which came first on the docket? The stipulation, Your Honor. So I don't understand that argument. You had the stip to dismiss, which the court at that point had jurisdiction to enter.  And then later the court, even if it were quickly later, issued a final judgment. So taking the word before in its ordinary plain meaning, I don't understand how something which temporally came first isn't before. Well, we filed a stip to dismiss with the parties that had no legal authority until Judge Lanza came down and stamped it. No, I agree. But it still was temporally not much before, but it was still temporally before the final judgment. It was temporally before. But our position is that when he signed it, it became something that was unionized. Why does that matter in terms of what the Supreme Court was trying to say or telling us is that if there are no federal claims left, you must remand? Correct. And again, our contention is that the final judgment language in way of Canaan distinguishes our case. Any of the cases that were cited by either party don't address the factual predicate that we have where we have the case up on appeal and this is raised. I would say that for the last 16 months, when this case has been pending before this court, even in the briefing, no one's disputed. This was a jurisdictional issue. No one's contested the unconstitutionality or the constitutionality of 1291. The appellees agreed with our position statement as to jurisdiction with our opening brief. But it's jurisdiction. Does. I've been thinking about this issue with regard to the district court, but is there any issue about our jurisdiction? I don't believe so. I believe under 1291, you have jurisdiction to hear a case that was from final judgment from the district court under 1291. Counsel, let's say we disagree with you on Royal Canaan. Sure. So hypothetically, let's say we disagree with you. What should we do if we find that the district court's jurisdiction disappeared at the moment the step was signed? What is your position as to what we should do now? Sure. Royal Canaan is clear in that factual situation. It must be remanded to the state court and Royal Canaan did remand that matter to the state. They did. I mean, the Supreme Court told basically upheld the Eighth Circuit. Correct. But here's my question. What is left to remand? I'm having perhaps a semantic problem with understanding because once the stipulation to dismiss with prejudice was signed, there was nothing left of the case before the district court because the district court had already granted partial summary judgment on what you tried to appeal. And then you got rid of everything else. So what would there be to be remanded? And if we, for example, were to believe that not remanding it were unfair to your clients, what mechanism would there be to get something remanded when there's nothing current? There's at the time of the appeal, there's nothing extant in the district court. Sure. Well, I think you can remand it to district court and district court can then remand it to the state. What is it that would be remanded? Sure. It would be count three of our complaint. And obviously the county superior court would address as to what they saw fit into how to handle the procedural mechanism of a situation where it was dismissed by a federal court. So remanded, even though the district court had granted partial summary judgment as to it. I think we have to because this is the only factual predicate in any of the cases that anybody cited to the record that has this temporal relation to what happened with jurisdiction. So your suggestion, again, I understand that you say that we're all can and doesn't apply. But if we were to disagree with you, your suggestion would be that we basically dismiss the appeal. We instruct the district court to remand count three to the Arizona trial court and let the Arizona trial court worry about what that means with the district court already having ruled on partial summary judgment. Absolutely. We would have to vacate the judgment because the district judge decided. That's a good point, Your Honor. And that may be something the judge lands would have to do. And maybe the appellants could ask him to vacate the judgment to send it back to superior court. The procedural mechanism of which I'm not exactly sure. Oh, sure, this court would. Yes, absolutely. But that's just the final judgment, not not the interlocutory part. So correct. There are strange procedural pieces here, at least to me. Absolutely. And I think, you know, with the cases that were cited in the record, specifically Royal Canaan, the situation, the remedy is remand. There's no other cases where the appeal was thrown out. I believe the appellees cited to the Cattaway case. But that involved a situation where liability was decided, but not damages. And the court said, we're not going to piecemeal it. I think remand is the appropriate mechanism. I don't think there's any other cases that fit our factual predicate. And I can certainly address the underlying issue. Although although it sounds like both sides are sort of saying, although they take different views on Royal Canaan, if you're going to reach the merits, it wouldn't be a bad idea to certify it since it's a potentially unsettled state law question. Absolutely, Your Honor. It's a totally unsettled state law question. I mean, both of you say it's clear and you win. Well, that's true. There's positional discrepancies. But in terms of the Arizona Supreme Court deciding an issue as serious as SMI rights, especially after the Arnold case and the proliferation of the code and the statutes dealing with SMI. This is a case of first impression that I think the Supreme Court would be well suited to address. I don't have any questions on the merits. I don't know if my colleagues do. And would you like me to talk about the underlying merits of the case or we can just obviously focus on jurisdiction? I would be fine to just focus on jurisdiction, but you get to control how you argue. OK, that's all I have in terms of jurisdiction, but I will reserve some time. Thank you. Good morning, Your Honors. Eileen Gilbride for the defense. First of all, I think there is an issue of this court's jurisdiction. We need Article 3, a federal ingredient, and we don't have that. I'm sorry, I'm having trouble hearing. There's always jurisdiction to decide your jurisdiction. That's true, but because there's, I think what we're confusing is there's jurisdiction to decide jurisdiction, as opposed to jurisdiction to decide the merits. This court, I didn't mean to suggest that this court lacks jurisdiction to talk about. But I mean, I mean, didn't in Royal Canaan, the 8th Circuit had remanded. Right. And the Supreme Court affirmed the judgment of the 8th Circuit. Yes. So even though the Supreme Court found on the merits there was no jurisdiction. Yes. They nonetheless sanctioned a process or commanded a process under the mandate rule that the 8th Circuit would be instructing the district court to instruct or to remand. Yes, that's what I'm trying to say is there's always the power to decide jurisdiction. I'm not sure I understand that there's jurisdiction to decide jurisdiction. There is not jurisdiction. You have jurisdiction to decide jurisdiction, and you have jurisdiction to decide the district court's jurisdiction. You. That's. I agree. I agree. And I don't. Yet, yes, Your Honor asked about what do we do? And counsel said remand and I agree with you, Your Honor, that there's nothing to remand. We can't remand. If you remand count three, we are encouraging plaintiffs who lose a dispositive motion to say, fine, I'm just going to dismiss my federal claims and give it a second bite at the apple. Well, I mean, but here, as the Supreme Court pointed out, the law was unclear. I think the law in the 9th Circuit was such that what they did was fine. But you wrote in your in your answering brief, they didn't do anything wrong here. They weren't improperly manipulating things. How would it be fair to basically say, well, the law changed. And so we're going to punish you by essentially killing the entire the entire case. How is that fair? I understand. I understand your sentiment, Your Honor. But a jurisdiction is not about fairness. It either exists or it doesn't exist. And what plaintiff was doing here while not manipulating jurisdiction is telling the court. My case is not about anything federal. My case is about this state claim and nothing else. And if the if the plaintiff who is the master of his claim is telling this court what his case is about, we should believe him. Although, you know. This may be neither here nor there, but this is not a case where they brought it in federal court. You removed it. Correct. Correct. So and perhaps they should not have. If really their case, you know, turns on count three, which they're putting all their eggs in that basket. Perhaps they shouldn't have tried to allege a federal claim in the first place, which caused the removal. I mean, if really they're entitled to say what their case is about and if their case is about count three and nothing else, they had their day in court on count three. Judge Lanza made that decision. And if you do, as plaintiffs say, and remand count three, it's going to give them. What we don't want to encourage. But the but the difference. Because there were because in royal canon, the, the. Amendment of the complaint occurred very early on in the case before they weren't. But I don't think the plaintiff was trying to get another bite at the apple at the at the claim that was decided. The claim that was decided was simply the claim that allowed federal jurisdiction. They weren't going back that. But the difference is the plaintiff here is suggesting send count three, which has already been decided back so that we can. I was. But I'm not sure that they were looking to get another bite at the apple on that claim. That's a very good question. And I'm going to answer by saying, I don't think he did. And this is why rule 15, a B or rule 15, a two speaks about a, a dismissal with the consent of the parties or with leave of court here. We had stipulation of the parties. And so the parties weren't asking the court whether they could amend their complaint or dismiss claims. They were stipulating. Both parties were stipulating to dismiss those claims. I was not able to find a case where the district judge had the discretion to reject such a stipulation. They can the district court can reject a motion that is not stipulated to especially where the plaintiff is trying to manipulate jurisdiction. But I couldn't find a case that said the district court has the discretion when you have the consent of the parties. If. Okay. So, the order. Accepting or granting the stipulation was the same document as, you know, that. That. Made made that stipulation effective and dismissed the claims. So, if the district court had jurisdiction. To grant the stipulation and again, I. Not clear on that, then. At the exact same moment, it would have had to have had jurisdiction to dismiss. The case in accordance with that stipulation. It's there as counsel had said, it's simultaneous. And so, if there was jurisdiction to grant that stipulation. I don't see how there was no jurisdiction. To. Effectuate that stipulation into a dismissal of the of the case. If Royal cannon had been in place at the time. The judge would have the district judge would have. Accepted the stipulation or whatever you do and remanded. The Arizona claim, right? For lack of jurisdiction, I. I don't think as as judge Bennett said, there's nothing left to remand. That because this all occurred simultaneously, there was the Arizona claim survived didn't they dismissed everything except. Count 3, which had already been. Judgment judgment on the we had 1 judgment of pleadings on there is something left to remand. Which is a case in which the judgment that was entered was without jurisdiction. So, everything that was decided by that judgment is void. And this is the problem that I was raising before is if we go with what plaintiff is asking to remand count 3. They're getting a 2nd bite at the apple and it just happened to. Royal cannon also. Well, I, I'm not sure that Royal cannon invite involved a 2nd bite at the apple, but I'll have to. No, because they just did what happened was the district court. Thought the rule was otherwise. And therefore, after the as 1 would think from our case law as well. So, after the. Plaintiff dismissed the federal issue. He said, I still have jurisdiction over the state law issue, and he decided it. Then they appeal that to the 8th circuit, which says, well, which says, well, no, you don't. But he did decide it on the merits. And that's what was remanded. So, it was undoing something that had been decided. I'll have to. I'm sorry. I'm not clear that in Royal cannon. The trial court had reached the merits of the state court claim. So, I would need to review that. I would need more carefully. Yes. But. Here. With regard to if without any gloss. Hypothetically, the district court. Just simply said, count 3 is remanded. Without to the state court, without saying anything else. Without deciding on the merits. Well, just say count 3 is remanded. After it had already decided. I'm just. If that were all that it was. Then wouldn't. The Arizona court have to decide what that meant. And wouldn't you be arguing to the Arizona court? A, the federal district court on the merits was right. B, this has already been decided. C, you shouldn't redo it. And D, if they want any relief at this point. Let them go upstairs. If you find that the district court did not have jurisdiction to. To take that. Order that it was just a. I'm sorry, the word is escaping me. But it was not a substantive, but a. But a non-substantive. Conduct of entering the order in accordance with. The stipulation. If you find that the district court didn't have the jurisdiction. To do that. The district court clearly, in my mind, had clearly had jurisdiction to do the dismissal. But at that point, it lost jurisdiction over the case. But my question was. If we simply told the district court remand count three without putting any gloss on it. The impact of that would be with the state court would have to decide what the impact of that was. And it may be that we have to make that argument when that argument in state court. But also, I mean, another thing that strikes me about this is that both you and. The plaintiffs are now arguing that the case should be certified to the Arizona Supreme Court. Right. If the. If this court believes it has jurisdiction. You should certify it.  We can do that. Can I. If I may finish. Yes. Sorry.  So essentially, you're both agreeing that the legal issue belongs in state court. And therefore, it doesn't seem. And it's a pretty much a pure legal issue. So it doesn't seem like a great burden to be in state court because that's where you want to be. We want to be in federal court. In dismissal. You want to be in state court and you want the state court to decide the legal issue. Well, let me put it this way. We are very comfortable with the merits and are very happy to have this court decide the merits if it wants to. Except you did in your supplemental brief. Yes. That we should certify the issue. Yes. And the reason is just so we would have a definitive ruling so that this court would. And so although you're saying that it would be very unfair to go back to state court, that's where you want the decision to be anyway. Only if the court disagrees with us on the jurisdictional issue. No, but then you say if we disagree with you in the jurisdictional issue, we should certify it to the Arizona Supreme Court because the state court should decide the legal issue. If if the court disagrees with us on the jurisdiction of this court and you feel like you have jurisdiction to do that, then we're happy to have you do that. We're happy to have you decide the merits or or certify. All right. Thank you.  Just briefly, obviously, the parties aren't contending that there was any kind of collusion or manipulation with the stiff to dismiss the one case that the appellees did cite. The data star case did involve manipulation and the court said, well, what you could do to remedy the situation is file a stiff to dismiss to get to final judgment and then bring it up on appeal. Right. But you walk yourself into a problem because you are assuming the the answer to the Royal Canon problem, you know, reasonably because that was the law in the Ninth Circuit. And then it turns out that's not the answer. Correct. I am just reiterating the fact that we chose an appropriate mechanism to get our case to appeal. Because one of the things I was thinking about was it doesn't make sense to put the whole thing back before the district court in light of Royal Canon, you know, sort of more generally and not do anything specifically. And would the district court at that point have any authority to disapprove the stipulation? Your opponent says somewhat convincingly, no, but I don't know the answer to that. He could potentially. And again, I don't know whether he has the authority or not on its face. It seems from a fairness perspective that maybe he could unwind. But the representation is under Royal 15. If there's a stipulated dismissal, there's the district court doesn't actually have to rule on it. Is that right or wrong? Do you know? I don't know the answer to that, Your Honor. OK, I think I would have to disagree that. Fairness would cause him if he had the jurisdiction to want to unwind it. I mean, you whatever the jurisdictional parameters that you didn't know at the time, you certainly knew when you agreed to the step that you were intending to give up the federal claims forever. Correct. And I think it's important that what we're potentially losing, Mr. Contreras, is losing is his constitutional appellate rights. It's not a situation of tough luck. The law changed or any kind of vernacular of it is what it is. What he's losing is his appellate rights. Now, if it gets sent back to the state court on count three, could there be a restrictive argument? Could the Superior Court be intertwined with that? Sure. But at least he's getting some sort of appeal. I don't think there could be up to the state court, but there'd be no final judgment in state court. Sure. But he's at least get getting into the final judgment. Correct. But he's at least getting an opportunity to address the case on the merits. If it's remanded to state court, you would have the opportunity. And whether the state court wanted to give it to him or not, if we did, that would be, of course, up to the state court. Absolutely, Your Honor. If the district judge had supplemental jurisdiction when he decided the state law claim, does that make a difference? That is, does that give us jurisdiction because at the time he decided? That's a good question, Your Honor. I think Royal Canin, though, kind of puts that to rest. But again, I'm not sure. Well, no, because Royal Canin, they didn't have jurisdiction at the time they decided. That is a distinction between Royal Canin. In Royal Canin, the federal claims had already been dropped at the time the state law question was decided. So what Judge Lefkoe is saying, that wasn't the case here. At the time he decided the federal issue, the state law issue, the federal claims were still in the case. Does that matter? So in that situation, then maybe supplemental jurisdiction did apply for Judge Lanza.  Maybe supplemental jurisdiction did apply for Judge Lanza in that factual scenario that Judge Lefkoe outlined. Well, he had supplemental jurisdiction when he decided it. Sure. But not at the time of the final judgment, perhaps. So that's the question. Is that enough of a distinction with Royal Canin that we should treat it differently? I don't know the answer to that, Your Honor. That's kind of the key question. Well, again, it all depends on what he had the ability to do. We believe he had the ability to rule on the step to dismiss. It entered into final judgment, which then triggered our appellate rights. Royal Canin, if you believe there is no jurisdiction, demands a remand to state court. And no other case has been cited to indicate otherwise, if, in fact, Royal Canin controls. You would have to vacate the judgment, then. Potentially, that may be a procedural mechanism to achieve what we would want to do.  Or he could just send it back. Count three. All right. If you have nothing further. Thank you. All right. We thank counsel for their arguments. The case just argued is submitted.
judges: BERZON, BENNETT, Lefkow